CAIRY
*v.*
RANDOLPH.

---

## A. C. ROY *v.* GORTON and MASON.

An erroneous date given to a receipt may be corrected by parol evidence.
The clerk's memorandum of the evidence should show by which party the evidence was introduced.

APPEAL from the District Court of Tensas, *Richardson*, J. *T. Curry*, for plaintiff. *L. Vincent*, *Reeves* and *Shaw*, for defendants. The judgment of the court was pronounced by

SLIDELL, J. This suit is brought upon a receipt signed by *Gorton* and *Mason* on the 11th of September, 1846, by which they acknowledge to have received of *W. C. Roy*, on deposit, the sum of $463 12, and promise to account for it when called upon. The defendants acknowledge having given the receipt, but say that at various times they had made payments to *Roy*, and on the 13th October, 1846, paid him the balance, and took a final and full receipt, bearing date, by a clerical error, October 13th, 1845, instead of October 13th, 1846. The judge gave judgment in favor of the plaintiff for the whole amount of the deposit; and the defendants have appealed.

We are not informed what view the district judge took of the evidence in this cause, except from the general conclusion presented by his decree. An examination of the evidence, unassisted by his views as to the particular documents offered at the trial, and the credibllity of the witnesses, has left our minds unsatisfied as to the correctness of the plaintiff's claim; and we have concluded that the ends of justice will be promoted by remanding the cause for a new trial.

In doing so, we will remark that the testimony and documentary evidence point, it seems to us, to the conclusion that the date of the receipt for $306 22 is a clerical error. The question of the genuineness of this receipt, and of the alleged mistake of date, are the main points in the case, and should receive the principal attention of the litigants. It is proper, also, to observe that the clerk's statement of facts is loosely prepared. It should have stated which party offered particular items of evidence, and not have left this to inference.

Judgment reversed, and cause remanded; plaintiff to pay costs of appeal.