**BONI et al. v. SOVEREIGN CAMP, W. O. W.**

**No. 1330.**

Court of Appeal of Louisiana. First Circuit.

May 8, 1934.

Haas & Haas, of Opelousas, for appellant.

Lewis & Lewis, of Opelousas, for appellees.

MOUTON, Judge.

In this case, No. 26422 district court docket, consolidated for trial with the case of Joe J. Boni, against same defendant, No. 26421 said docket, in which identical issues of law and fact are presented, the district judge rendered the following opinion and decree:

"This is a suit instituted by the plaintiffs, Joe J. Boni and Frank M. Boni, against the defendant the Sovereign Camp of the Woodmen of the World, a fraternal benefit association incorporated under the laws of the State of Nebraska, and domiciled in the City of Omaha, said State, and for the sum of two thousand ($2,000.00), the plaintiffs claiming to be the beneficiaries on a policy or certificate of insurance issued by the defendant to Jim Polite, deceased, and stepfather of the plaintiffs, and in the sum of $1,000.00 each.

"The defendant met the issue tendered by the plaintiffs with the plea that the receipt issued to the deceased by its local financial Secretary for the October installment of dues was not paid by the deceased, or anyone for him, on the date written and expressed in the receipt, that is, October 28, 1932, or before the 31st day of that month, but was actually paid on November 7, 1932; that hence the deceased was delinquent when the payment was actually made and at the time of the delinquent payment he was in ill-health and therefore not capable of reinstatement under the Constitution and by-laws.

"The plaintiffs had specifically alleged that the installment or payment in question on the policy was made on October 28th, and that they held a receipt issued by the financial Secretary evidencing such payment to have been made on that date. The plaintiffs affirmatively and in the alternative pled that the defendant was estopped from insisting on a forfeiture, even if the payment made was delinquent, because the defendant, with full knowledge, had accepted two subsequent and seasonably made installments on the policies

---

[1] See Dart's Annotated Code Prac. 1932, § 908 and notes.

and up to the time of the death of the decedent.

"The sole defense to the action is carried in article eight of the answer, thus:

" 'Said decedent's October, 1932. installment was in truth and in fact not paid until November 7, 1932, at which time said receipt for said installment due on said certificate was given, as will be shown on the trial of this cause.'

"On the trial of the cause the plaintiffs objected to any evidence to vary, contradict or impugn the receipt which had already been offered in evidence on the ground that parol testimony under the averment carried in the answer and fully quoted above, did not furnish sufficient predicate for the admission of parol testimony. The objections of counsel were referred to the merits and the defendant permitted to offer parol testimony on this subject.

"On joint motion of plaintiffs and defendant this case was consolidated for the purposes of trial with No. 26421, Joe J. Boni v. The Sovereign Camp of the Woodmen of the World, but with the understanding that separate judgments should be rendered in each case.

"The case was exhaustively tried and argued and submitted for judgment.

"We very much doubt whether the defendant has laid the proper basis for the admission of parol testimony to vary or contradict the receipt in evidence, but assuming that the parol and testimonial proof to that effect is admissible, it is the judgment of the Court that defendant has signally failed to carry the burden placed upon it by the law in order to justify the Court to read into the receipt a date different from that which it carries under the signature of the defendant's financial Secretary.

"The sole evidence depended upon by the defendant is that of the financial Secretary, and which is opposed by the testimony of one of the plaintiffs and by Martin, a witness, who is not shown to have been impeached or prejudiced in any respect. The testimony on this point of the financial Secretary, taken as a whole, is unsatisfactory, unconvincing and unsupported by any corroborating fact.

"The case presents several other very interesting issues, but having arrived at the conclusion that the evidence tendered by the defendant falls far short of the precision and directness necessary to impeach its own receipt, or even meet the rebuttal testimony offered on behalf of plaintiffs, such other questions need not be discussed or elaborated on.

"It is for these reasons and because the law and the evidence are in favor of the plaintiffs and against the defendant—

"Ordered, adjudged and decreed that the plaintiffs, Joe J. Boni and Frank M. Boni, do have and recover judgment against the defendant, The Sovereign Camp of the Woodmen of the World in the sum of One Thousand. ($1,000.00) Dollars each, with legal interest from January 30, 1933, until paid.

"It is further ordered that the Defendant pay all costs to be taxed."

It appears from the evidence that defendant association admitted its execution of the receipt upon which plaintiff grounded his claim in this suit—the vital defense being that, although this receipt was dated October 28, 1932, the actual payment of the dues was actually made on November 7, 1932; that hence the deceased, Jim Polite, was a delinquent at that time, was then in ill health, and could not be reinstated, as a member, under the constitution and by-laws of defendant association.

As the court arrived at the conclusion that the receipt was for money paid on the date therein stated, the court found it unnecessary to pass on the questions of law involved in the case. We likewise think it unnecessary to review the issues of law, and will confine our remarks to the question of fact upon which the court rested its opinion and decree for the rejection of the demand.

There can be no question that the dues of the deceased were paid as appears from the receipt itself and the testimony of plaintiff given on this subject. The sole question on the vital issue of fact presented is as to whether the payment of these dues was made on November 7, 1932, as contended for by defendant, and which constitutes the real defense on the question of fact submitted for solution.

Boni, plaintiff, testifies that, on his return from Lake Charles in a truck the evening of Friday, the 28th day of October, 1932, he went to the office, in Opelousas, of Mr. Ducharm, the financial local secretary of defendant association, and paid the dues represented in the receipt in question. He says J. C. Martin, who was his employee to assist in hauling cotton in the truck, was with him at the time when he got off the truck to go to Mr. Ducharm's office to make this payment. At his request, he testifies Mr. Martin parked his truck at a block or so from where he got off and where he got back in the truck after making the payment. On his return to the truck, he had in his hand, he says, the receipt in

question and a slip of paper for cotton he had hauled, that Mr. Martin looked at the receipt, and that he laid the slip and receipt on the seat between him and Mr. Martin. He is positive that this payment was made October 28, 1932, in the afternoon. No doubt, the money was paid, as appears from the receipt; the only controverted fact being as to the date of payment, as before remarked.

Counsel for defendant cites 23 C. J. "Evidence," § 1777, where it is said: "As witnesses are proverbially inaccurate as to dates, Courts attach little weight to their testimony, if the witness has no collateral fact by which he ascertains or fixes them."

Mr. Boni says he knows this payment was made on Friday, as Mr. Martin ceased on the Monday following to work for him in truck hauling of cotton to Lake Charles.

No doubt the quitting by Martin of that work in which plaintiff was engaged was of some consequence to the plaintiff. This constituted a collateral fact which evidently could assist plaintiff in ascertaining or fixing the date of this payment, although from his testimony it does not appear that he needed that assistance.

Mr. Martin testifies that it was about 2:30 in the afternoon that plaintiff got off the truck to go and pay the dues, which, he says, plaintiff said was on Jim Polite's policy, and is certain that this occurred on October 28, 1932. He sustains his recollection in this respect by referring to the collateral fact that on the following Monday he went to work for the government by which he was still employed at the time of the trial. His testimony is that plaintiff came back to the truck with two papers in his hand; that he looked at the receipt in question which he identified with the remark that it did not have "Plaintiff IV" on it. He testifies that he did not know if the papers Boni had in his hand were two receipts, but that he took the "top one" out of his hand, looked at it, and identifies it as the one exhibited in court. He says also that Boni placed the receipts on the seat next to him. In this particular he again corroborates the testimony given by Mr. Boni.

There are slight discrepancies between the testimony of Mr. Martin and that given by Mr. Boni on unimportant facts or circumstances, but this affords no reason to discredit their testimony. On the contrary, such discrepancies rather indicate that there was no prepared or concocted story arranged between them to assist plaintiff to recover the claim sued upon. Mr. Martin, the record shows, is neither connected with nor related to plaintiff, and was not in the employ of the plaintiff when his testimony was given. We cannot see by what course of reasoning it can be held that these two witnesses should not be believed, supported, as their testimony unquestionably is, by the fact that the receipt is dated October 28, 1932, the date on which they claim the payment was made.

Mr. Ducharm, the local secretary of defendant, testified in the case. He testifies that, although the receipt in question is dated October 28, 1932, the payment was actually made on November 7, 1932. He admits it was one of his customs when receipts were issued to delinquent members to write across these receipts, or their duplicates, the actual dates of the payments made. In this instance he admits there was no such notation on the receipt in question.

Counsel after stating to him that he had noticed in a book introduced by defendant in evidence a notation on a duplicate receipt that this payment was received on November 7th, he admitted that the mark across the receipt was made after the policy of Jim Polite had been rejected and which was after his death.

Mr. Ducharm, it appears, issued over one hundred of these receipts, monthly, and it is not unreasonable to say that he might have been confused about the actual date that he received payment of the premium from plaintiff in this case. He says, however, that entries were usually made by him of the actual date when such payments were made, and that the payment in question was entered in his ledger as of November 7, 1932; also that his bank exchanges show that this payment was made on that date. He refers to these entries and bank exchanges in support of his testimony that the payment was made after October 28th, the date carried on the receipt. He said that he testified from these notations or books and from memory. He therefore relies on his memory and on the collateral facts to which we have referred. He remembers that the payment of the premium for this receipt was made November 7, 1932, between the hours of 11 and 2 o'clock, but cannot say by whom it was paid. He depends largely on collateral facts in support of his testimony in reference to the date of the actual payment in this case. Where a witness, counsel for defendant says, has no collateral fact to assist him in fixing or ascertaining the date of an occurrence to which he testifies, courts will give little weight to his testimony.

■ Applying this criterion to the testimony of the witnesses in this case, it must be said

that Mr. Martin and plaintiff, as we have heretofore remarked, although testifying positively that the payment was made on October 28, 1932, also referred to collateral facts which were noted by them in fixing the date in question. In applying this rule, it will be observed also that plaintiff has two witnesses as against Mr. Ducharm, one for defendant, and also that Mr. Martin, witness for plaintiff, had no interest whatsoever in the outcome of this suit. It is true that Mr. Ducharm, local secretary of defendant, is not a party to the suit, but it is shown that he has been in the "actual service" of defendant for about ten years, and it is not rash to say on "a salary" for his services.

Such actual and salaried services, if not a cause to consider a witness "as incompetent," declares article 2282, Civil Code, it may, "according to circumstances, diminish the extent of his credibility." Judged by that measure, his testimony might be put on a par with that of Boni, plaintiff, who is interested in the result of this case. Taking the testimony of these two witnesses as of about equal value, we have the evidence of Mr. Martin, establishing a preponderance of evidence for plaintiff, showing that the premium was paid October 28, 1932, as evidenced by the receipt.

In the case of Roy v. Gorton and Mason, 6 La. Ann. 203, the appeal came up on the general conclusion of the court presented by the decree. The Supreme Court remanded the case because it was unassisted by a review of the evidence and the credibility of the witnesses. This decision shows the importance of such a review below.

Here a review of the evidence is given with the conclusions of the court. When a decision of that character is before the appellate court, there should be no reversal, unless for manifest error. District judges are certainly competent to pass on questions of fact, and due respect is due to their findings by the appellate courts. Indeed, it would be a sad commentary on the Supreme Court if their findings were not so held, as that court is mainly constituted, and has always been, of district judges elevated thereto, as a general rule, directly from the district benches. Their findings should assuredly be considered with equal, if not greater, respect by the courts of appeal, which have inferior, intermediate, and limited appellate jurisdiction. This court will not, however, refrain from its constitutional authority to reverse on questions of fact when it finds that the district judge has fallen into a manifest error, as it has done in many instances, when convinced of such error after a careful and scrupulous consideration of the evidence and the issues presented.

In this case, after a diligent analysis of the record, it finds no such error, and the judgment appealed from is therefore affirmed, with cost.

For the foregoing reasons, judgment will be rendered in the case of Joe J. Boni v. Sovereign Camp, W. O. W., 154 So. 681.